UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| STEVE COREA,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiff,<br>  v<br><br>CAPITAL MANAGEMENT SERVICES, L.P.,<br><br>      Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Steve Corea [hereinafter "Corea"], on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Capital Management Services, L.P. [hereinafter "CMS"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on CMS's regular transaction of business within this district. CMS also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Corea is a natural person who resides at 596 Irving Street, Westbury, NY 11590.

6. Corea is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about September 1, 2017, CMS sent Corea the letter annexed as Exhibit A. Corea received and read Exhibit A. For the reasons set forth below, Corea's receipt and reading of Exhibit A deprived Corea of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, CMS sent Exhibit A to Corea in an attempt to collect a past due debt.

9. The past due debt referred to in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account byBarclays Bank Delaware for her individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges. CMS, via Exhibit A, attempted collect the past due debt from Corea in his individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. CMS is a Delaware Limited Partnership and a New York Foreign Limited Partnership.

11. On Exhibit A, CMS identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

12. Based upon Exhibit A, the principal purpose of CMS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. Based upon the allegations in the above two paragraphs, CMS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

### FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A is the written notice required under 15 USC § 1692g(a).

16. Exhibit A sets forth the "Amount of Debt", and also contains the following statement:

    > "As of the date of this letter, you owe $3267.07. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call 1-877-335-6949."

17. However, Exhibit A did not explain whether interest, late charges, and other charges actually were accruing.

18. Exhibit A also did not explain the basis for the accrual of any interest, late charges, and other charges, and did not set forth what Corea would need to pay to resolve the debt at any given moment in the future.

19. For one or more of the above reasons, Exhibit A did not set forth the amount of the "debt"; and therefore Defendant violated 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) by sending Exhibit A to Corea.

### SECOND CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

21. Exhibit A is the written notice required under 15 USC § 1692g(a).

22. Exhibit A sets forth the "Amount of Debt", and also contains the following statement:

> "As of the date of this letter, you owe $3267.07. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call 1-877-335-6949."

23. If on the date of Exhibit A, Barclays Bank Delaware actually was accruing interest, late charges, and other charges, the statement set forth in the above paragraph, especially as a result of the use of the word "may" as opposed to "will", amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

### THIRD CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

25. Exhibit A is the written notice required under 15 USC § 1692g(a).

26. Exhibit A sets forth the "Amount of Debt", and also contains the following statement:

> "As of the date of this letter, you owe $3267.07. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call 1-877-335-6949."

27. If on the date of Exhibit A, Barclays Bank Delaware actually was not accruing interest, late charges, and other charges, the statement set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

29. Exhibit A is the written notice required under 15 USC § 1692g(a).

30. Exhibit A sets forth the "Amount of Debt", and also contains the following statement:

> "As of the date of this letter, you owe $3267.07. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call 1-877-335-6949."

31. If on the date of Exhibit A, Barclays Bank Delaware actually was not accruing interest, late charges **and** other charges but was accruing only interest **or** only late charges **or** only other charges **or** only two of the aforementioned three items, the statement set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

33. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

35. As a result of sending Exhibit A to Bishop, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

37. The class consist of (a) all natural persons (b) who received a letter from CMS dated between September 1, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

38. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

40. The predominant common question is whether Defendant's letters violate the FDCPA.

41. Plaintiff will fairly and adequately represent the interests of the class members.

42. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

43. A class action is the superior means of adjudicating this dispute.

44. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated:     August 31, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107